IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE LIGGINS, et al. § § *Plaintiff*, § VS. § § ST. LOUIS METROPOLITAN BOARD § OF COMMISSIONERS, et al. § § *Defendants*. § | Case No. **4:16-CV-00413-AGF** |

**PLAINTIFF'S MOTION TO COMPEL COMPLETE AND
NECESSARY WRITTEN DISCOVERY RESPONSES FROM DEFENDANT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Plaintiff Antoinette Liggins**, ("Ms. Liggins," "Plaintiff"), **for herself and on behalf of her natural son B. C., a minor**, (hereinafter referred to as "BC," collectively "Plaintiff"), and files this her Motion to Compel Discovery responses and documents by **Defendant City of St. Louis**, ("Defendant,"); and, in support thereof, respectfully provides the following argument and controlling authorities:

**I.
BRIEF SUMMARY OF INSTANT MOTION**

Following the Court's hearing on July 22, 2016, Plaintiff served the City of St. Louis discovery request including interrogatories, requests for admission, and requests for production. Upon receipt of the responses, Plaintiff wrote a good faith letter to address the numerous objections lodged by this Defendant to every request.[1] This letter was further addressed line by line in a telephone conference on September 14, 2016 between Jason Webster and Heidi Vicknair, an attorney with Mr. Webster's firm, for the Plaintiff and Erin

---

[1] See Exhibit A-1, Letter to Opposing Counsel on September 6, 2016.

1

McGowan on behalf of the Defendant. Although many concerns were resolved with this phone conference, various objections remain in place thereby preventing Plaintiff from ascertaining if other responsive documents exist.  In addition, there were two points raised by Plaintiff which Defendant would not agree, thereby prompting this motion.

Basically the Defendant is taking the untenable position that because it feels the claims against them have no vitality, they may simply unilaterally withdraw from the discovery obligations imposed upon them by controlling law by asserting boiler plate objections and quibbling with common sense words and phrases. This stonewalling is intentionally calculated to entirely frustrate the process and should not be permitted. Therefore, Plaintiff respectfully moves this Court to overrule each and all of Defendant's bogus objections, compel complete and necessary discovery responses from Defendant

## II.
## SUMMARY OF DISCOVERY RESPONSES AT ISSUE

As explained in Plaintiff's First Amended Complaint, filed on April 14, 2016, Plaintiff has asserted, upon best information and belief, that B.C., a minor was deprived of civil rights when by the use of excessive force he was shot by Defendant Cohen, an employee of Defendant, the City of St. Louis. Plaintiff propounded written discovery to Defendant City of Saint Louis as discovery against Officer Cohen was stayed at the time of the status conference before this Honorable Court in July 2016. Plaintiff served Requests for Admissions, First Set of Interrogatories and Requests for Production to Defendant. Said Defendant has now provided its respective Objections and Responses to all of such, the former *vastly* predominating over the latter to such an extreme extent that said Defendants have unabashedly frustrated discovery so completely that Plaintiff is precluded from meaningfully examining the issues involving this Defendant. Counsel for Plaintiff and each of said Defendants have

conferred as to such glaring deficiencies, but are unable to resolve this dispute without this Court's intervention.

In order that the Court can consider each discovery objection and answer/response in context, Plaintiff has marked for identification and hereto attach copies of the following discovery pleadings as Motion Exhibits:

1) Motion Exs. "A-2 – A-3," – Copy of Responses to Plaintiff's First Set of Interrogatories to Defendant City of Saint Louis, dated August 26, 2016, (Ex. A-2), and Copy of Responses to Plaintiff's First Set of Requests for Production to Defendant City of Saint Louis, dated August 26, 2016, (Ex. A-3).

As Plaintiff will herein demonstrate, said Defendants' attached Objections are, for the most part, wholly unfounded and unjustified and their Responses are so pervasively evasive and deficient as to amount to a fundamental and wholly unjustified avoidance of their discovery obligations, as contemplated by the Federal Rules of Civil Procedure. To show why, Plaintiff respectfully requests this Court to review each and all of the attached defensive discovery pleadings in detail. And, related thereto, Plaintiff will hereinafter summarize the extensive legal deficiencies in said Objections and Answers/Responses as succinctly as possible.

**A. Summary of Defendant's Objections and Answers to Plaintiff's First Set of Interrogatories, (Ex. A-2):**

In Motion Ex. A-2, Plaintiff propounded twelve (12) Interrogatories to Defendant. After asserting multiple perfunctory objections, it provided no response to Interrogatories Nos. 8, 9, 10, 11 and 12. For those interrogatories which were answered subject to the frivolous objection, it is not possible to ascertain if the information provided is complete.

**B. Summary of Defendant's Objections and Responses to Plaintiff's Requests for Production, (Ex. A-3):**

In Motion Ex. A-3, Plaintiff tendered fifty-one (51) production requests. These were carefully tailored and crafted, based upon the facts and circumstances of this tragic case, to elicit relevant documents and other materials themselves admissible or calculated to lead to admissible evidence regarding this incident and the policies and procedures of the department. Even so, Defendant asserted a blizzard of perfunctory objections making it difficult to ascertain if the meager documents produced are all it has or if it is withholding relevant information regarding Requests Nos. 1-5, 12-17, 20, 22-24, 26-27, 34, 36-37, 41, and 46. Although Defendant has supplemented its responses with additional documents as it deems fit, with the current objections Plaintiff does not know if Defendant is holding back information based upon these frivolous objections. In addition, Defendant has wholly denied Plaintiff access to important and relevant documents, despite Plaintiff's requests to enter into a protective order if necessary. Therefore, Plaintiff would request that the objections be removed and any additional supplementation be compelled by the Court, with a protective order put into place should the court deem it necessary.

Therefore, based upon the attached Exs. A-2 – A-3 and the foregoing, this Court should readily discern that Plaintiff has made a valid effort to seek straightforward discovery from Defendant calculated to establish the nature and extent of the information held by Defendant which may be pertinent to the incident herein. Notwithstanding, Defendant has unabashedly refused to meaningfully participate in responding to Plaintiff's written discovery by side-stepping, denying or deferring legitimate discovery responses. This obfuscatory approach constitutes an impermissible abrogation of Defendant's obligations under the Federal discovery rules and can have no other purpose but to unfairly hide critical information, add

4

unnecessary expense, inconvenience and delay to these proceedings, impede justice and intentionally frustrate Plaintiff's timely and cost-effective prosecution of the very serious claims they have herein asserted. Minor Plaintiff was horribly injured here, and Plaintiff seeks just compensation for the damages arising from such tragic and severe injuries. This isn't a game and these Defendants should not be allowed to play "Go Fish" with impunity, regarding the Plaintiff's efforts to obtain pertinent information. Therefore, based upon the factual reasons and the sound, controlling authority discussed in detail *infra,* this Court should overrule Defendant's Objections, and compel Defendant's full, good-faith compliance with the discovery rules.

Similarly, Defendant's objections that several of the requests are "vague," "ambiguous," "overly broad," and/or "burdensome," are meaningless buzz-words which have no validity in the instant circumstances. Federal Rule 26 makes explicitly clear that: "In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Fed. R. Civ. P. 26(b)(1).

Given that the Federal Rules of Civil Procedure allow for broad discovery, the burden is typically on the party resisting discovery to explain why discovery should be limited. *See Liberty Mut. Fire Ins. Co. v. Centimark Corp*, 2009 U.S. Dist. LEXIS 19007, at *2-3 (E.D. Mo. Mar. 4, 2009). That is, after the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *Hofer v. Mack Trucks, Inc*., 981 F.2d 377, 380 (8th Cir. 1993); *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp*., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000).

Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production. *St. Paul Reinsurance Co.*, 198 F.R.D. at 511-12. "[T]he party resisting discovery must show specifically how…each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id*. (citations omitted); *see also Turner v. Moen Steel Erection, Inc.*, 2006 U.S. Dist. LEXIS 72874, 2006 WL 3392206, at *5 (D. Neb. Oct. 5, 2006) (stating that the party resisting discovery has "an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents").

Yet, even while Defendant seeks no protective order, nor provides a shred of evidence to support them, once again it asserts manifestly perfunctory objections in flatly refusing to participate in this discovery exercise. Such willful failure to do so is unaccompanied by a single legal citation to either the Federal Rules of Civil Procedure or any controlling decisions applying them, which even remotely support such a defiant attitude. Defendant, with no authority whatever, simply refuses to comply in any way with Plaintiff's Requests for Production. Thus, this Court's intervention is fervently requested to compel it.

### III.
### ANALYSIS, ARGUMENT AND AUTHORITIES

A core component of modern civil litigation which these Defendants regrettably seem all too happy to ignore is that discovery is an integral and indispensable part of the search for truth and justice. Here, Plaintiff seeks the truth and Defendants do the very best they can to conceal it.

The general discovery provisions are governed by *Rule 26*, which provides that: Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim

or defense of any party, including the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. *Fed. R. Civ. P. 26 (b) (1)* (2003). District Courts are accorded wide discretion in dealing with discovery matters. See *Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir. 1988)*. Moreover, "[d]iscovery rules are to be 'broadly and liberally construed' in order to serve the purpose of discovery which is to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Gladfelter v. Wal-Mart Stores, Inc., 162 F.R.D. 589, 590 (D. Neb. 1995)*; see also *Rolscreen Co. v. Pella Products of St. Louis, Inc., 145 F.R.D. 92, 95 (S.D. Iowa1992)* ("The spirit of *Rule 26 (a) of the Federal Rules of Civil Procedure* is that discovery be self-effectuating, without need to resort to the court, and that its scope be liberal, extending to all matters reasonably calculated to lead to admissible evidence").

Rule 26 (b) (1) provides that the information sought in discovery need not be admissible at trial. See *Fed. R. Civ. P. 26 (b) (1)* (2003). Rather, parties are entitled to discovery of any information that appears "reasonably calculated to lead to the discovery of admissible evidence." *Degen v. United States, 517 U.S. 820, 825-826, 116 S. Ct. 1777, 1782, 135 L. Ed. 2d 102 (1996)* (quoting *Fed. R. Civ. P. 26 (b) (1)*). "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Gladfelter, 162 F.R.D. at 590*. Further, even if a broad request yields some evidence that would not be admissible, such a request would not be barred, so long as there as any possibility that the information sought may be relevant to the subject matter involved. See *Rolscreen, 145 F.R.D. at 95*. In the present objections/responses,

7

Defendant seems to take it upon itself to make a determination of what is relevant to Plaintiff's case and what is not. This is the not the role of Defendant, as even items which may later be determined inadmissible are still discoverable, especially at these early stages.  Defendant has objected regarding relevance to request Nos. 2, 3, 5, 12 -17, 20, 22, 24, 26, 27, 34, 36, 37, 41, and 46.

The Plaintiff has availed herself of those written discovery vehicles expressly permitted by the Federal Rules of Civil Procedure, including interrogatories and requests for production. And, to each they are entitled to expect that Defendants will provide full and complete responses. Plaintiff carefully crafted her discovery to inquire as to the pertinent facts as precisely as possible. Plaintiff has complied with the relevant discovery rules and Defendant manifestly has not.

## IV.
## SPECIFIC DISCOVERY CONCERNS BY PLAINTIFF

**A.  Documents Prior to September 1, 2013 are Discoverable**

Defendant was served with discovery by Plaintiff shortly after the hearing on July 22, 2016 and supplied responses and objections to that discovery on August 26, 2016.[2]  The Defendant's discovery responses continually object on the basis that Defendant did not control the Police Department prior to September 1, 2013, and therefore, no responsive documents prior to this date were produced.  Upon discussion on the phone conference on September 14, 2016, Plaintiff's counsel inquired if Defendant had access or control over documents prior to September 1, 2013, to which counsel was informed that Defendant did have access and control.  In her letter and then again in telephone conversation, Plaintiff reiterated that documents prior to 2013 were potentially relevant and may lead to additional

---

[2] See Exhibit A-3, Responses to Plaintiff's First Set of Requests for Production to Defendant City of Saint Louis

8

discovery documents regarding the claims in the instant case. For example, Officer Cohen has been an officer with the City since approximately 2007. Therefore, policies and procedures, complaints, investigations, and documents regarding excessive force in effect during his entire tenure as an officer are relevant or at least, at this point discoverable. Plaintiff's inquiries are limited in most instances to five years prior to the incident herein and therefore are not overreaching or broad. Plaintiff hereby moves this Court to compel production of documents and materials in the possession, custody, or control of Defendant within the timeframe requested for Requests numbered 1, 2, 3, 4, 13, 14, 15, and 16.[3]

Requests for discovery of documents are governed by Rule 34, which states, in pertinent part, that: Any party may serve on any other party a request (1) to produce ... any designated documents ... which are in the *possession, custody or control* of the party upon whom the request is served." *Fed. R. Civ. P. 34 (a)* (2003) (emphasis added). The term "control" has been broadly construed and may obligate a party to produce documents not in the party's possession where the party has the legal right **[*13]** or practical ability to obtain them from another source on demand. See *Arkwright Mutual Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh, 1994 U.S. Dist. LEXIS 13216, 1994 WL 510043 at *3 (S.D.N.Y. 1994)*; see also *Flavel v. Svedala Industries, Inc., 1993 U.S. Dist. LEXIS 18730, 1993 WL 580831 at *4 (E.D. Wisc. 1993)* ("[I]n spirit with the current policy of permissive discovery, a party is generally considered to have "control" over documents under *Rule 34 (a)* if it can likely obtain such documents on demand"). The requested information is related to the claims herein, under the control of Defendant and the Defendant's response is inadequate and hinders the discovery process as set forth in Rules 26 and 34.

---

[3] See Exhibit A-3, Responses to Plaintiff's First Set of Requests for Production to Defendant City of Saint Louis

**B.  Investigative Materials can be produced pursuant to Protective Order**

Further, although discussed in writing and by telephone, Defendant has refused to produce any investigative materials (i.e. Videos, interviews, reports, etc.), which may assist in investigating the claims in this case. The basis of the objection is that such materials will not be released until the Circuit Attorney's Office issues it decision on whether charges will be issued against Officer Cohen.  Defense counsel has stated that it could be a few more months before anything is released.  Due to the importance of these materials, Plaintiff suggested a protective order be filed with the Court prohibiting dissemination except to Counsel, his staff and his retained experts. Defendant will not agree to produce the materials responsive to Requests 6, 7, 19, 25, 28, 35, 42, 43, and 47 and stands on its objection.

## CONCLUSION

At the current time, the case has been referred to mediation by December 15, 2016, with a report deadline of December 29, 2016 and Plaintiff has an expert designation deadline of January 30, 2017.  The information sought is necessary to provide a reasonable basis for settlement discussions as well as aid Plaintiff's experts to formulate their opinions regarding breaches in the actions of Officer Cohen, the department or both.  Plaintiff would move the Court to order an agreed protective order be filed in this case and documents be produced pursuant thereto within fourteen days of the filing of the protective order.

For the forgoing reasons, Plaintiff moves this Court to compel Defendant to remove its objection and produce all documents responsive to Plaintiff's Requests 1-5, 12-17, 20, 22-24, 26-27, 34, 36-37, 41, and 46.  Additionally, Plaintiff moves this Court to compel

Defendant to produce all documents within the timeframe requested that are responsive to Plaintiff's Requests 1, 2, 3, 4, 13, 14, 15, and 16.

Plaintiff further moves this Court to order an agreed protective order be entered and documents produced in response to Plaintiff's Requests 6, 7, 19, 25, 28, 35, 42, 43, and 47, and for all other relief to which she may be entitled.

**THE WEBSTER LAW FIRM**

By:*/s/ Jason C. Webster*
Jason C. Webster
Federal Bar No. #39010
TBN #24033318
filing@thewebsterlawfirm.com
6200 Savoy Drive, Suite 150
Houston, Texas 77036
713-581-3900
713-581-3907 fax

**GORI, JULIAN & ASSOCIATES, PC**
D. Todd Matthews
MO Bar #52502
156 N. Main Street
Edwardsville, IL 62025
todd@gorijulianlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that a conference was held regarding the above concerns, with opposing counsel and no agreement could be reached. Therefore the instant motion was necessary.

*/s/ Jason C. Webster*
Jason C. Webster

## **CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, on this the 9th day of November, 2016.

               */s/ Jason C. Webster*
               Jason C. Webster