UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE LIGGINS, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 4:16-cv-00413-AGF |
| | ) |
| OFFICER MICHAEL COHEN, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion (Doc. No. 10) filed by Defendants Michael Cohen ("Cohen") and the City of Saint Louis ("City") to dismiss certain claims in Plaintiff Antoinette Liggins's first amended complaint (Doc. No. 3). Defendants seek the dismissal of Plaintiff's due process claims pursuant to 42 U.S.C. § 1983, against both Defendants, and her claims against the City arising under Missouri law: assault, battery, and loss of services during her son's minority. Plaintiff has asserted the state law assault and battery claims on behalf of her natural son, B.C., a minor. For the reasons set forth below, Defendants' motion shall be granted.

**BACKGROUND**

Plaintiff Antoinette Liggins filed a first amended complaint (Doc. No. 3) against Defendants Cohen and the City on April 14, 2016, which includes claims on her own behalf and on behalf of her son, B.C., a minor. In the first amended complaint, Plaintiff asserts on her own behalf a 42 U.S.C. § 1983 violation based on the deprivation of her

due process rights to care for and associate with her son, as well as a claim under Missouri law for loss of services during his minority. On behalf of her son, B.C., Plaintiff asserts a § 1983 violation based on Cohen's use of excessive force and the City's failure to adequately train, supervise, and control the actions of Cohen; and she asserts state-law claims of assault and battery under Missouri law. Each of the foregoing claims arose out of B.C.'s July 11, 2015 arrest and the injuries he sustained during that arrest, and each claim has been asserted against both Defendants. At issue in the present motion to dismiss (Doc. No. 10) are Plaintiff's personal due process claims against both Defendants, her loss of services claim against the City, and B.C.'s assault and battery claims against the City.[1]

As alleged in the amended complaint, on the evening of July 11, 2015, Defendant Cohen and four other City police officers were dispatched to an address near Hodiamont Avenue in North Saint Louis, Missouri, in response to a call from a neighborhood resident identifying an individual believed to have stolen a firearm the previous day. In responding to this call, Cohen and the other officers encountered B.C., his brother, and several other neighborhood youths, all of whom had been playing at a park near Hodiamont Avenue. Upon seeing the police, B.C. and his brother began to run. Plaintiff alleges that eyewitnesses observed an unarmed B.C. running away from the police

---

[1] Defendants have answered the § 1983 excessive force claim against Cohen, the § 1983 failure-to-train claim against the City, and the state-law assault, battery, and loss of services claims against Cohen.

2

officers; but that the officers reported that B.C. either ran toward them or that B.C. ran away from them but that he was carrying a firearm, which he pointed at them. The amended complaint further alleges that Cohen then immediately and without warning brandished his service weapon and fired four shots at B.C., three of which struck his person. One of the bullets grazed B.C.'s head, while another reached and damaged his spine, instantly and permanently rendering him paraplegic. B.C. was 16 years old at the time of this incident.

Plaintiff alleges that Cohen caused her son's injuries by shooting him three times with his service weapon, and that the City is responsible for her son's injuries by failing to adequately train, supervise, and control the actions of Cohen, its employee. Plaintiff further alleges that the City was aware of prior, similar behavior by its police officers and failed to properly respond, resulting in a *de facto* policy of indifference to its officers' conduct and to the constitutional violations likely to arise therefrom. Additionally, Plaintiff alleges that B.C.'s debilitating injuries—which include kidney damage requiring two weeks of dialysis, a broken forearm requiring a surgically implanted intramedullary rod, and permanent paralysis in the lower half of his body—have "severely compromised" Plaintiff's due process rights to care for and associate with her son. These alleged deprivations of Plaintiff's constitutional rights are the bases of Plaintiff's claims under 42 U.S.C. § 1983.

Plaintiff next alleges that under Missouri law, Cohen and the City committed

assault and battery against B.C. through Cohen's shooting of B.C. with his service weapon, as described above. Finally, Plaintiff alleges that both Defendants are liable to Plaintiff for the loss of B.C.'s services during his minority.

## ARGUMENTS OF THE PARTIES

With respect to Plaintiff's due process claims for the loss of the rights to care for and associate with her son, Cohen and the City argue that Plaintiff fails to state a claim upon which relief can be granted because she has not alleged acts sufficient to demonstrate a deprivation of her constitutional rights. Specifically, Defendants assert that Plaintiff has not pled facts suggesting that she suffered a wholesale relinquishment of her parental rights over B.C. Defendants argue that merely alleging that Plaintiff's interests in caring for and associating with B.C. have been "severely compromised" is insufficient to sustain an action under § 1983. Moreover, Defendants argue that Plaintiff's due process claims must be dismissed because Plaintiff has failed to allege that Defendants took any action targeted at the parent-child relationship between Plaintiff and B.C.

Regarding Plaintiff's state law claim for loss of B.C.'s services during his minority, and the state law assault and battery claims Plaintiff asserts on B.C.'s behalf, the City argues that these claims are barred by the doctrine of sovereign immunity, which prevents holding the government or its political subdivisions liable for the torts of its officers or agents. Such immunity may be waived and there are established exceptions

precluding its application, but the City argues that no exception is applicable in the instant case and that it has not waived its immunity, thus barring Plaintiff's claims.

In response to Defendants' contentions regarding her due process claims, Plaintiff argues that she has adequately alleged a claim under § 1983 and suggests that Defendants have misarticulated the relevant legal standards. More specifically, Plaintiff argues that her son's injuries have sufficiently inhibited her own rights to care for and associate with him so as to sustain a § 1983 claim for deprivation of those rights.

In response to the City's contention that Plaintiff's assault, battery, and loss of services claims are barred by sovereign immunity, Plaintiff argues that the City's proffered legal authority is inapposite or factually distinguishable to the case at bar, and she reiterates the circumstances under which a law enforcement officer can be held individually liable in tort. Plaintiff does not argue that the City waived sovereign immunity, and she does not identify a recognized exception that applies here.

Plaintiff also asks for leave to amend her first amended complaint to re-allege any claims subject to dismissal under this motion.

By way of separate motion, Plaintiff also requests leave to file a surreply (Doc. No. 19) to respond to what she alleges are novel claims and legal authority in Defendants' reply memorandum in support of its motion to dismiss. Plaintiff included her proposed surreply in the body of her motion. For good cause shown and no opposition having been filed by the Defendants, the Court will grant Plaintiff's motion.

The Court has considered Plaintiff's surreply in ruling on Defendants' motion to dismiss.

## DISCUSSION

### I. Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010).

### II. Plaintiff's Due Process Claims Under 42 U.S.C. § 1983

To successfully state a claim under § 1983, a plaintiff must plead: (1) the existence of a constitutional right; and (2) deprivation of that right, (3) by state action or by an individual acting under the color of state law. 42 U.S.C. § 1983; *see also Roe v. Humke*,

128 F.3d 1213, 1215 (8th Cir. 1997) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). The relevant issues before the Court regarding Plaintiff's due process claims are, first, whether Plaintiff has sufficiently pled the existence of cognizable constitutional rights; and second, whether Plaintiff has pled facts tending to demonstrate the deprivation of her asserted constitutional rights. The Court finds that although the Plaintiff has demonstrable constitutional rights to care for and associate with her son, she has not pled facts tending to show a deprivation of those rights so as to be actionable under § 1983.

The Supreme Court has explained that "the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). Other courts have articulated various formulations of parental due process rights. *See, e.g., Harpole v. Arkansas Dep't of Human Servs.*, 820 F.2d 923, 927 (8th Cir. 1987) (finding parental interest in "companionship" with the child); *Myers v. Morris*, 810 F.2d 1437, 1462 (8th Cir. 1987) (parental interest in "familial relations" with a child), *abrogated on other grounds by Burns v. Reed*, 500 U.S. 478, 483 (1991); *Helleloid v. Independent School Dist. No. 361*, 149 F. Supp. 2d 863, 874 (D. Minn. June 19, 2001) (parental interest in "creation and maintenance of the parent-child relationship"). Irrespective of the precise framing employed, it is clear that both the Supreme Court and the Eighth Circuit Court of Appeals have recognized constitutionally-protected parental rights. *Harpole*, 820 F.2d at 927 (citing *Lehr v. Robertson*, 463 U.S. 248, 258 (1983)).

The Eighth Circuit has recognized two subcategories of cases implicating parental due process rights: first, those in which a parent seeks to prevent the government from interfering with "the right to make private decisions affecting the family, such as whether to bear children[;]" and second, cases in which a parent objects to "governmental attempts to directly affect the parent-child relationship by means such as determining paternity or determining parental rights." *Harpole*, 820 F.2d at 927-28 (citing with approval *Ortiz v. Burgos*, 807 F.2d 6 (1st Cir. 1986) (internal citations omitted)); *see also Helleloid*, 149 F. Supp. 2d at 874-75. Plaintiff's claim regarding her interest in the care, custody, and control of B.C., as stated, is of the former variety because it alleges that Defendants have interfered with her right to raise her son and make decisions about his upbringing. Plaintiff's claim regarding her right to freely associate with B.C.—which has been recognized as discrete from her right to make family decisions—falls into the latter category. *See, e.g., Doe A v. Special Sch. Dist. of St. Louis Cty,*, 637 F. Supp. 1138, 1146 (E.D. Mo. 1986) (explaining that the "Due Process Clause **also** guarantees to parents the right to associate with their children") (emphasis added). Given that Plaintiff's claims each fit into one of the *Ortiz* categories as endorsed by the Eighth Circuit in *Harpole*, in addition to the above-noted legal authority countenancing parental due process rights, the Court finds that Plaintiff has sufficiently pled the existence of cognizable constitutional rights such that deprivation of the same, if proven, could sustain a § 1983 action against Cohen and the City.

While Plaintiff has properly pled that her rights to make family decisions and to associate with her son are constitutionally protected, Plaintiff has failed to plead facts tending to demonstrate a violation of those rights. More specifically, accepting the allegations of the first amended complaint as true, Plaintiff is not entitled to relief under § 1983 for deprivation of her own due process rights.

To the extent that Plaintiff claims her interest in the care, custody, and companionship of B.C. has been violated, Defendants correctly argue that Plaintiff has failed to plead facts tending to show that Defendants deprived Plaintiff of such interest. Plaintiff has not alleged that Defendants caused B.C. to be removed from her custody.[2] Nor has Plaintiff alleged that Defendants have deprived her of the right to make family decisions regarding B.C. To be sure, Plaintiff asserts that Defendants' actions have caused her to make difficult family choices regarding B.C.'s upbringing and future; however, she makes no claim that Defendants have attempted to dispossess her of the right to make those choices, or to displace her in making those choices. *See Doe A*, 637 F. Supp. at 1146 (holding that "the fundamental right to family integrity is not implicated unless the actions result in a wholesale relinquishment of the parents' rights"). Critically, Defendants are not coercing Plaintiff to make or to abstain from any choices.

Moreover, the Eighth Circuit has held that to properly state a parental rights claim under § 1983, a plaintiff must allege that the state action complained of was directed at

---

[2] It is clear by virtue of this very action—and Plaintiff's assertion of B.C.'s legal rights on his behalf—that Plaintiff has retained custody over B.C.

9

the parent-child relationship. *See Harpole*, 820 F.2d at 927-28 (explaining that "[p]rotecting familial relationships does not necessarily entail compensating relatives who suffer a loss as a result of wrongful state conduct, especially when the loss is an **indirect** result of that conduct.") (emphasis added). The majority of other Circuits that have considered the issue have also required a parent seeking to maintain a § 1983 claim to demonstrate that the objectionable state action was aimed directly at the parent-child relationship. *Pittsley v. Warish*, 927 F.2d 3, 8 (1st Cir. 1991); *McCurdy v. Dodd*, 352 F.3d 820, 828 (3d Cir. 2003); *Shaw v. Stroud*, 13 F.3d 791, 794 (4th Cir. 1994); *Jaco v. Bloechle*, 739 F.2d 239 (6th Cir. 1984)); *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005) (expressly overruling *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984)); *Trujillo v. Board of County Commissioners,* 768 F.2d 1186 (10th Cir. 1985); *but see Kelson v. City of Springfield*, 767 F.2d 651 (9th Cir. 1985) (indicating that a plaintiff may proceed on a § 1983 claim where the alleged injury is an incidental result of the contested state action). Plaintiff does not allege that Cohen, in shooting and arresting B.C., or that the City, in failing to train, supervise, and control Cohen, took action targeted at Plaintiff's relationship with her son. As a result, Plaintiff's claim for the alleged deprivation of her right to associate with B.C. must also fail.

Finally, the result reached by the Court is buttressed by Plaintiff's inability to identify legal authority supporting her position. Plaintiff fails to cite a single case standing for the proposition that a parent whose child was physically injured by a police

10

officer may recover under § 1983 for deprivation of the parent's right to care for or associate with his or her child. Plaintiff instead analogizes B.C.'s paraplegia to cases in which a child was slain by a police officer and the parent was permitted to pursue a § 1983 claim. Both the analogy and Plaintiff's proffered legal authority are inapposite. First, upon a child's death, the surviving parent is entirely and permanently dispossessed of the right to care for, exercise custody over, and experience companionship with the child. As described above, Plaintiff has not successfully plead deprivation of those rights with respect to B.C. Second, the cases Plaintiff relies on—*Bell v. Milwaukee*, 746 F.2d 1205 (7th Cir. 1984); *Mattis v. Schnarr*, 502 F.2d 588 (8th Cir. 1974); and *Trujillo v. Board of County Commissioners*, 768 F.2d 1186 (10th Cir. 1985)—fail to support her position. *Mattis* at most supports a parent's *standing* to pursue a § 1983 claim under facts such as these, but does not affirm Plaintiff's notion of what constitutes *deprivation*. 746 F.2d 1205.[3] *Trujillo*, aside from being non-binding Tenth Circuit authority, is actually in accordance with the Eighth Circuit in requiring an allegation that the state action

---

[3] At issue in *Mattis* was "whether a father's interest in familial association permitted him to raise a constitutional challenge for a declaratory judgment against a Missouri statute," *not* "[w]hether a father could maintain a § 1983 [due process] action against a police officer who shot and killed his son[,]" based on deprivation of his parental rights. *Harbury v. Deutch*, No. 96-00438 CKK, 1999 WL 33456919, at *11 & n.6 (D.D.C. Mar. 23, 1999), *rev'd in part on other grounds*, 233 F.3d 596 (D.C. Cir. 2000). Moreover, the Eighth Circuit's decision in *Harpole* raises serious doubts about *Mattis*'s continued vitality by adopting a markedly different approach to the right of familial association. *Harpole*, 820 F.2d at 927-28; *see also Ellingson v. Piercy*, 2016 WL 2745868, at *9 (W.D. Mo. May 11, 2016) (distinguishing *Mattis* and, in any event, reading *Harpole* to require that state action have "the direct intent of affecting the parent-child relationship" to sustain a § 1983 claim).

complained of be directed at the parent-child relationship. 768 F.2d 1186, 1190 (analyzing the right to intimate association under both the First and Fourteenth Amendments and holding "an allegation of intent to interfere with a particular [protected] relationship . . . is required to state a claim under section 1983"). Most significantly, *Bell*, 746 F.2d 1205, was expressly overruled by *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005), which meticulously detailed why the Seventh Circuit was joining the balance of Circuits—including the Eighth—in requiring that the state action complained of be directed at the parent-child relationship. In short, though B.C.'s physical injuries are undoubtedly severe and Plaintiff's relationship with B.C. will surely be changed as a result thereof, Plaintiff's own injuries, as alleged, do not give rise to a constitutional claim sufficient to maintain a § 1983 action.

### III. Plaintiff's State Law Claims Against the City

Finally, the Court agrees with the City that the doctrine of sovereign immunity bars Plaintiff's claim for loss of B.C.'s services during his minority and the assault and battery claims Plaintiff asserts on his behalf. Sovereign immunity is:

> A judicial doctrine which precludes bringing suit against the government without its consent. Founded on the ancient principle that "the King can do no wrong," it bars holding the government or its political subdivisions liable for the torts of its officers or agents unless such immunity is expressly waived by statute or by necessary inference from legislative enactment.

BLACK'S LAW DICTIONARY 1396 (6th ed.1990).

Missouri courts have recognized the doctrine since 1821 and continue to do so.

Mo. Rev. Stat. § 537.600 ("Such sovereign or governmental tort immunity as existed at common law in this state . . . shall remain in full force and effect[.]"); *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921–22 (Mo. 2016) (citation omitted). Accordingly, the issues before this court are: (1) whether the doctrine is applicable to Plaintiff's claims; (2) whether the City has waived its sovereign immunity; and (3) if not, whether the present controversy is otherwise covered by a statutory exception. Plaintiff does not dispute that B.C.'s assault and battery claims are torts under Missouri law. It is also clear under Missouri law that Plaintiff's claim for the loss of B.C.'s services is an action in tort. *Clark v. Martin*, 650 S.W.2d 699, 701 (Mo. Ct. App. 1983). Given that Plaintiff's claims are actions in tort alleged against the City, a political subdivision of the Missouri government, sovereign immunity applies here, absent waiver or an applicable exception. *See State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368 (Mo. 2016), *reh'g denied* (May 24, 2016) (finding plaintiff's battery claim based on officers' actions barred as to the city); *Lacy v. Gray*, 2013 WL 3766567 at *2 (E.D. Mo. July 16, 2013) (finding plaintiff's assault and battery claims against state highway patrol barred by sovereign immunity). As Plaintiff neither alleges that the City has waived its immunity nor argues that any statutory exceptions apply, Plaintiff's claim for loss of B.C.'s services during his minority and B.C.'s assault and battery claims against the City are barred by sovereign immunity.

**CONCLUSION**

For these reasons, the Court will grant Defendants' motion to dismiss, but the Court will dismiss the claims at issue without prejudice to Plaintiff's ability to seek leave to replead if she believes she can cure the pleading deficiencies.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file a surreply is **GRANTED** (Doc. No. 19).

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (Doc. No. 10) is **GRANTED**. Plaintiff's personal due process claims against both Defendants under § 1983 are **DISMISSED without prejudice**; Plaintiff's loss of services claim and the assault and battery claims she asserts on behalf of B.C. are **DISMISSED without prejudice** as to the City only.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2016.