EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE LIGGINS, | ) |
| | ) |
| Plaintiff, | )   Case No.  4:16-CV-00413 |
| | ) |
| v. | ) |
| | ) |
| OFFICER MICHAEL COHEN, ET AL. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO STAY ALL DISCOVERY DIRECTED TO DEFENDANT MICHAEL COHEN FOR AN ADDITIONAL 100-DAY PERIOD**

COMES NOW Defendants City of St. Louis and Michael Cohen and respectfully request, pursuant to FED. R. CIV. P. RULE 26(C), a protective order providing that discovery directed to Defendant Michael Cohen be stayed for an additional 100-day period, commencing on the date this motion is filed, in order to permit the City of St. Louis Circuit Attorney's Office time to complete its investigation and make its determination as to whether or not criminal charges will issue against Defendant Cohen. In support, Defendants state as follows:

1. On July 22, 2016, the parties entered into a stipulation that discovery directed to Defendant Michael Cohen would be stayed for a 90-day period beginning August 3, 2016 and continuing through October 31, 2016 in order to permit time for the City of St. Louis Police Department's Force Investigation Unit to complete its investigation of the July 11, 2015 use of force incident at issue in this case and permit the Circuit Attorney to make her determination as to whether or not criminal charges will issue against Defendant Cohen.

1

2. In early August 2016, the Force Investigative Unit completed its investigation of this incident and provided its report and findings to the City of St. Louis Circuit Attorney's Office.

3. On November 16, 2016, Defense counsel communicated with the Circuit Attorney's Office and learned that the Circuit Attorney's Office's review of this incident is ongoing, and it is unlikely that the Office will issue a charging decision by year's end.

4. On November 18, 2016, Plaintiff propounded her First Set of Interrogatories, First Set of Requests for Production, and First Requests for Admissions to Defendant Cohen ("Plaintiff's First Discovery Requests Directed to Cohen").

5. The Court has discretion to limit the scope and sequence of discovery. See *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

6. A stay of discovery directed to Defendant Cohen in the instant civil case is necessary because the potential criminal prosecution and the civil case involve identical issues and witnesses. See *Stroud v. St. Louis City Police Dept.*, 2009 WL 3617457 at *1 (E.D. Mo. Oct. 28, 2009) (granting defendants' motion for stay in a civil case due to pending criminal case against plaintiff where criminal case involved the same issues and potential witnesses as the civil case). Defendant Cohen may be prejudiced if discovery directed to him commences in the civil case prior to the resolution of any potential criminal charges.

7. Further, after consultation with Defendant Cohen, his personal attorney, and the command staff at the Police Department, defense counsel has determined that Defendant Cohen will be unable to sit for deposition or answer interrogatories in this

civil matter until the Circuit Attorney's Office issues its decision as to whether criminal charges will be issued against Cohen.

8. This request is made in good faith and not for the purpose of delaying this cause, and Plaintiff will not be prejudiced by a delay in conducting discovery directed to Defendant Cohen.

9. The undersigned counsel Erin McGowan conferred with opposing counsel, Jason Webster, in good faith, by email on November 22, 2016 and also by telephone conversation at approximately 1:50 p.m. that same day, regarding the matters in dispute in this Motion for Protective Order. However, after sincere efforts to resolve the disputes, counsel were unable to reach an accord.

10. Defendants respectfully request that this Court issue a stay of all discovery directed to Cohen for an additional 100-days, including Plaintiff's First Discovery Requests Directed to Defendant Cohen, in order to permit the Circuit Attorney's Office additional time in which to complete its investigation of this incident and issue its decision as to whether any criminal charges will issue against Defendant Cohen.

WHEREFORE, Defendant Michael Cohen and City of St. Louis respectfully request that this Court grant a stay of discovery directed to Defendant Cohen for an additional 100-day period commencing the date of the filing of this Motion.

    Respectfully submitted,

    MICHAEL A. GARVIN
    CITY COUNSELOR


    By: /s/ Erin K. McGowan
       Thomas R. McDonnell #38336MO
       Erin K. McGowan #64020MO
       1200 Market Street, Room 314

3

          City Hall
          St. Louis, Mo  63103
          (314) 622-3361
          (314) 622-4956 fax
          mcdonnellt@stlouis-mo.gov
          McGowanE@stlouis-mo.gov
          *Attorneys for Defendants Cohen*
          *and City of St. Louis*

By: /s/ D. Todd Matthews
     D. Todd Mathews, #52502
     156 N. Main Street
     Edwardsville IL 62025
     todd@goriljulianlaw.com

     Jason C. Webster
     Federal Bar No. #39010
     TBN #24033318
     6200 Savoy Drive, Suite 150
     Houston, Texas 77036
     filing@thewebsterlawfirm.com
     *Attorneys for plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify this Motion was electronically filed on this 22nd day of November 2016 with the Court for service by means of Notice of Electronic Filing upon:

D. Todd Mathews
156 N. Main Street
Edwardsville IL 62025
todd@goriljulianlaw.com
Attorney for plaintiffs

Jason C. Webster
6200 Savoy Drive, Suite 150
Houston, Texas 77036
filing@thewebsterlawfirm.com
Attorney for plaintiffs

                    /s/ Erin K. McGowan