IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ANTOINETTE LIGGINS, et al.** § | |
| § | |
| *Plaintiff*, § | |
| VS. § | Case No. **4:16-CV-00413-AGF** |
| § | |
| **ST. LOUIS METROPOLITAN BOARD** § | |
| **OF COMMISSIONERS, et al.** § | |
| § | |
| *Defendants*. § | |

**PLAINTIFF'S MOTION TO COMPEL
DEFENDANT CITY OF SAINT LOUIS TO COMPLY
WITH THE COURT'S ORDER OF DECEMBER 21, 2016**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Plaintiff Antoinette Liggins**, ("Ms. Liggins," "Plaintiff"), **for herself and on behalf of her natural son B. C., a minor**, (hereinafter referred to as "BC," collectively "Plaintiff"), and files this her Motion to Compel Defendant, City of Saint Louis, ("Defendant,") to Comply with the Court's Order of December 21, 2016; and, in support thereof, respectfully provides the following argument and controlling authorities:

**I.
BREIF SUMMARY OF INSTANT MOTION**

On December 21, 2016, this Court heard Plaintiff's Motion to Compel certain discovery and Defendant's motion for a protective order from such discovery. In the Court's order of the same date, the Court ordered Defendant to produce discovery to Plaintiff "related to past use of force" and limited such production to "the time period of September 1, 2011, to the date of the shooting incident, July 11, 2015, and to only those uses of force involving weapons".[1] Since this order, Plaintiff has had multiple conferences with Defendant's counsel

---
[1] Doc. No. 35, 4:16-vc-00413-AGF

1

in effort to obtain the documents granted. Although Defendant has produced some documents pursuant to the Court's order on other matters, Defendant outright refuses to produce certain Internal Affairs Department ("IAD") documents, notwithstanding the protective order. This stonewalling is unwarranted, intentionally calculated to frustrate the litigation process, and should not be permitted. Therefore, Plaintiff respectfully moves this Court to compel compliance with the Court's order.

## II.
## ANALYSIS, ARGUMENT AND AUTHORITIES

In the most recent conference regarding the IAD files regarding use of force, Defendant has determined that it will not turn over or permit inspection of "Garrity Statements" or a file related to Officer Stockley, in which murder charges are currently pending.

### A. *Garrity* Statements

Upon review of the case law, "*Garrity* Statements" are statements by the officer being investigated which are provided by the Officer to the IAD department during their investigation. This designation is based on the case of *Garrity v. New Jersey*, in which several police officers were questioned concerning the alleged fixing of traffic tickets.[2] Before being questioned, each officer was told that anything he said might be used against him and that he had the privilege to refuse to answer if the disclosure would tend to incriminate him, but that if he refused to answer, he would be subject to removal from office.[3] No immunity was granted and several officers answered questions out of fear they might lose their jobs if they

---

[2] *Garrity v. New Jersey*, 385 U.S. 493 (1967).
[3] *Id* at 495.

2

did not comply.[4] Over their objections, some of the statements were used in subsequent criminal proceedings to convict the officers for conspiracy.[5]

The Supreme Court reversed the officers' convictions and established, when an officer is compelled to make a statement by threat of discipline or discharge, those statements may not be used in a later criminal prosecution of the officer.[6] The Court established this rule due to the constitutional issue that might arise when 'compelled statements' are used in a criminal proceeding since, **"no person shall be compelled to be a witness against himself in any *criminal* trial."**[7]

After discussion with Defendant's counsel, it appears that the City of Saint Louis will not agree to release this portion of any IAD files, including of course, any statement by Officer Cohen, despite the fact that constitutional rights are only violated when *Garrity* Statements are introduced in criminal proceedings.[8] The case at bar deals with a civil rights violation. Thus, the statements are not barred by constitutional concerns and should be admitted pursuant to the Court's order to compel all discovery related to past use of force involving weapons from September 1, 2011 to July 11, 2015. Under the Federal Rules of Evidence, these statements are party admissions. In the current litigation, the statements of the officers in the *Garrity* statements, because they cannot be used in a criminal proceeding, may contain statements and information regarding the ratification or culture of the officers in the department in which Officer Cohen was employed.  As a portion of Plaintiff's allegations deal

---

[4] *Id*.
[5] *Id*.
[6] *Id* at 500.
[7] *See* the Fifth Amendment to the United States Constitution which provides, in part, that "no person shall be compelled in any criminal trial to be a witness against himself." U.S. Const. Amend. V. (Emphasis added.)
[8] A more recent examination of the *Garrity* Rule is examined in *U.S. v. Moten*, 551 F.3d 763, 766 (8th Cir. 2008) ("the Constitution is only violated when a compelled statement, or the fruit of that statement, is used against the officer in a subsequent criminal proceeding.")

with the department itself, these statements are pertinent and relevant to eh discovery process and should be produced, even if it is pursuant to the protective order in place.

### B. Officer Stockley File

Defendant refuses to produce the entirety of the Stockley file – a file directly on point in that Officer Stockley actually shot someone and is now facing murder charges. The use of force is obviously with a gun, as in this case, and thus the production of this file is directly on point. Obviously, unlike Officer Cohen herein, a determination has already been made regarding the actions of Officer Stockley, as it is Plaintiff's understanding that the murder charges are pending. Plaintiff's counsel has communicated that the production of this file can be made pursuant to the protective order in place, but Defendant has refused. Defendant continues to frustrate the process of justice that Plaintiff seeks by directly refusing this Court's order and making its own determinations as to what Plaintiff is entitled to.

## III.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves this Court to compel Defendant to produce all documents responsive to the Court's Order. The information sought is necessary to provide a reasonable basis for settlement discussions as well as aid Plaintiff's experts to formulate their opinions regarding breaches in the actions of Officer Cohen, the department or both. Plaintiff would move the Court to order documents be produced pursuant thereto within fourteen days and for all other relief to which she may be entitled.

**THE WEBSTER LAW FIRM**

By:*/s/ Jason C. Webster*
Jason C. Webster
Federal Bar No. #39010
TBN #24033318
filing@thewebsterlawfirm.com
6200 Savoy Drive, Suite 150
Houston, Texas 77036
713-581-3900
713-581-3907 fax

**GORI, JULIAN & ASSOCIATES, PC**
D. Todd Matthews
MO Bar #52502
156 N. Main Street
Edwardsville, IL 62025
todd@gorijulianlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that a conference was held regarding the above issues with opposing counsel and an agreement could not be reached. I also contacted opposing counsel regarding this specific motion and did not receive a response.

*/s/ Jason C. Webster*
Jason C. Webster

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, on this the 17th day of January, 2017.

*/s/ Jason C. Webster*
Jason C. Webster