UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE LIGGINS, | ) |
| | ) |
| Plaintiff, | ) Case No.  4:16-CV-00413 |
| | ) |
| v. | ) |
| | ) |
| OFFICER MICHAEL COHEN, ET AL. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER THAT CERTAIN RECORDS BE PROTECTED FROM DISCLOSURE, OR IN THE ALTERNATIVE, MOTION TO RECONSIDER THE COURT'S ORDER DATED DECEMBER 21, 2016 (DOC. 35)**

COMES NOW Defendant City of St. Louis, by and through counsel, and moves this Court for a Protective Order, pursuant to Fed. R. C. P. Rule 26(c), that certain records, or portions of records, be exempt from the Court's Order dated Dec. 21, 2016, or in the alternative for a motion to reconsider, pursuant to Fed. R. C. P. Rule 60, its Order dated December 21, 2016. In support thereof, Defendant states as follows:

### INTRODUCTION

On December 21, 2016 this Court heard arguments on Plaintiff's Motion to Compel Complete and Necessary Written Discovery Responses from Defendant.  Doc. 26.  On that day, this Court entered an order ("Order") compelling the City of St. Louis to produce records "related to past use of force" involving weapons for the time period of September 1, 2011 through July 11, 2015.  Doc. 35.

In working with the City of St. Louis Police Department ("Police Department") to identify records responsive to the Court's order, it has come to the attention of defense counsel

1

that certain records responsive to this Court's Order include documents relative to at least one pending criminal charge stemming from a 2011 officer-involved shooting and documents relative to use-of-force incidents currently pending review with the Circuit Attorney's Office. In addition, some responsive records also contain officer statements made pursuant to *Garrity v. New Jersey*, 385 US 493 (1967).

In addition, it also has come to the attention of defense counsel that the production of certain department records "related to past use of force" involving weapons will be extremely burdensome in that it would require substantial number of employee hours.  In particular, the head of the Police Department's Force Investigation Unit has brought it to defense counsel's attention that the reproduction, in their entirety, of responsive investigatory reports prepared by the department's Force Investigation Unit could take many months.  Making these records open for inspection is also challenging for reasons explained more fully in Section III.

For these reasons, which will be more fully set forth below, the City respectfully requests that this Court issue an order narrowing the scope of discovery ordered by the Dec. 21, 2016 order, or in the alternative, issues a protective order permitting the City to withhold certain records and certain portions of records.  Defendant also requests that this Court grant it the opportunity to present these issues to the Court during oral argument.

## ARGUMENT

**I.     Defendant respectfully requests that this Court issue an order narrowing the scope of discovery responsive to the Dec. 21, 2016 order to exclude Police Department records relating to use of force incidents for which there are currently pending criminal charges or those incidents currently pending review before the Circuit Attorney's Office for potential criminal charges.**

The City has been ordered to produce "discovery related to past use of force" involving weapons for the time period of September 1, 2011 through July 11, 2015.  Doc. 35.   Responsive

2

to that request is a criminal investigative file related to former St. Louis Metropolitan Police Officer Jason Stockley and his involvement in the 2011 fatal shooting of Anthony Lamar Smith. The Circuit Attorney's Office has issued criminal charges against Stockley as a result of the incident, and those criminal charges are currently pending against Stockley in the 22nd Judicial Circuit of the State of Missouri.  The criminal case, in which Stockley is facing Murder First Degree and Armed Criminal Action charges, is *State v. Stockley*, cause # 1622-CR02213-01. The U.S. District Court for the Eastern District of Missouri has also issued an order making the Police Department's investigative file of Stockley a closed record.  See *ABS v. Slay et al.*, 4:12-cv-00202 (Dkt #44 and #100).  Ex. B, Affidavit of Lt. Roger Engelhardt, at ¶ 7.

Also responsive to the Court's order are a number of investigatory records detailing officer-involved shootings that are currently pending review with the Circuit Attorney's Office. See Ex. A, Affidavit of Lt. Adam Koeln; ¶ 2, 6; Ex. B, Affidavit of Lt. Engelhardt, ¶ 10.   It is now the procedure that the Circuit Attorney's Office reviews all officer-involved shootings for potential criminal charges.  Ex. A at ¶ 6.

Defendant is concerned that the production of the Stockley investigatory file to plaintiffs could potentially jeopardize Stockley's Fifth and Fourteenth Amendment rights as well as the St. Louis Circuit Attorney's investigation and prosecution of this 2011 incident.  Defendant is also concerned that the release of investigatory records detailing other officer-involved shootings and/or use of force incidents could jeopardize the Circuit Attorney's ongoing investigation of these incidents and any future potential criminal prosecution.

Defendant's apprehension, in part, stems from concerns that a non-law enforcement office environment, such as a law office, might not have adopted and implemented IT protection at or above the level of security adhered to by the Police Department.  Ex. C, Affidavit of Dele

Oredugba at ¶¶ 3-5.  In order to ensure the security of the sensitive criminal justice information it stores, the Police Department adheres to the Criminal Justice Information Services Security Policy, which is a set of best practices promulgated by the FBI for the creation, viewing, transmission, dissemination and storage of criminal justice information.  Ex. C at ¶ 3.

The release of confidential and sensitive Police Department records outside the secure IT architecture of a law enforcement agency increases the risk that such documents could be made public via hacking (See Ex. C at ¶¶ 4-5) or by a simple inadvertent filing or release.  Moreover, it is uncertain what measures are in place at the law offices of plaintiff's counsel with regard to the security of paper documents.  Transmitting these documents to a non-law enforcement office environment, which is unlikely to possess the same heightened IT protocols as those in place at the Police Department, may jeopardize the security and confidentiality of these sensitive law enforcement documents.  Ex. C at ¶¶ 4-5.

The public release of the Stockley file could jeopardize his Fifth and Fourteenth Amendment rights as well as the integrity of the criminal prosecution.  Likewise, the public release of Police Department investigations of uses of force currently under review by the Circuit Attorney's Office could also undermine the integrity of the office's investigation and any potential criminal prosecutions.

For these reasons, the Defendant believes that designating these particular records as ATTORNEYS' EYES ONLY, pursuant to the parties' Agreed Protective Order of Confidentiality (Doc. 37), is insufficient to ensure the confidentiality of these sensitive documents.

4

Defendant therefore requests that this Court issue an order excluding the Stockley investigatory files and any other investigatory files related to uses of force incidents that are currently under review by the Circuit Attorney's Office.

**II.     Defendant respectfully requests that this Court issue an order narrowing the scope of discovery responsive to the Dec. 21, 2016 Order to exclude any officer statements given pursuant to *Garrity v. New Jersey*, 385 US 493 (1967).**

The City's Internal Affairs Division (IAD) investigates allegations of officer misconduct. Many IAD investigatory files are responsive to this Court's Dec. 21, 2016 Order, and some contain statements given by officers to Internal Affairs investigators for disciplinary purposes pursuant to *Garrity v. New Jersey*, 385 US 493 (1967).  See Ex. A, Affidavit of Lt. Adam Koeln, ¶¶ 2-3.

In *Garrity*, the Supreme Court held it was unconstitutional for public employees to be forced to answer questions in violation of their Fifth and Fourteenth Amendment rights without being given immunity and a guarantee that such statements would not be used against them in a criminal prosecution. *Id*. at 496-500.  The *Garrity* warning advises police officer that any compelled statements, or evidence obtained from such statements, required as a condition of their continued employment can be used against the employee only in an investigation of the employee's performance and not in a criminal investigation. *Garner v. Missouri State Highway Patrol Superintendent*, 901 S.W. 2d 107, 110 (Mo. App. 1995). This is a guarantee to the public employee that the statement they give pursuant to *Garrity* is for disciplinary reasons and not for the investigation of a crime.

Again, Defendant is concerned that the dissemination of *Garrity* statements contained within IAD files outside the Police Department's secure IT environment could potentially jeopardize the confidentiality of these statements by making them more susceptible to hacking or

5

an inadvertent public release, which could ultimately lead to a *Garrity* statement being used in a future criminal prosecution. In addition, the Defendant is concerned that the practice of disseminating *Garrity* statements to individuals outside of the Police Department could have a chilling effect on officers required to provide *Garrity* statements in the future.

For these reasons, Defendant respectfully requests that this Court issue an order narrowing the scope of discovery responsive to the Dec. 21, 2016 Order to exclude any officer statements given pursuant to *Garrity v. New Jersey*.

> **III.     Defendant respectfully requests that this Court issue an order narrowing the scope of discovery responsive to the Dec. 21, 2016 Order to exclude certain components of the investigatory files of the Department's Force Investigation Unit because the reproduction of these files in their entirety is extremely burdensome and will require substantial time and Police Department resources.**

The Department's Force Investigation Unit ("FIU") currently investigates all incidents wherein an individual is struck when an officer discharges his or her firearm. Ex. B, Affidavit of Lt. Engelhardt, ¶ 2-3. The FIU began investigating these types of incidents in September of 2014; however, it also has begun to investigate other officer-involved shooting incidents pre-dating September 2014. *Id*. at ¶ 3. At times, as directed by the Chief of Police, the FIU also investigates and prepares reports on shots fired incidents that do not involve an individual being struck. *Id*.

The FIU creates lengthy written investigatory reports. *Id*. at ¶¶ 4, 6. The written portion of an FIU report can vary in length between 150 and 400 pages. *Id*. In addition, the FIU also produces and collects numerous audio and video files as well as photographs and other evidence. *Id*. It is estimated that more than 30 FIU files are responsive to the Court's Order. *Id*. at ¶ 3.

Lt. Roger Engelhardt, commander of the FIU, estimates that it could take the FIU or other SLMPD staff up to 2 days to gather and copy the audio and visual components of a single FIU file.  *Id*. at ¶ 7.   Due to the constraints of the software in which the FIU reports are generated, reproducing a digital or hard copy of the written portion of a single FIU report can take on average 2 to 3 hours or longer.  *Id*.

Further, once a copy of the FIU report is created, the reports need to be redacted to remove the names of confidential informants, information pertaining to juveniles, and *Garrity* statements, if that is permitted by the Court.  *Id*. at ¶ 7.   Given the time required to copy audio and visual files and redact the written portions of the FIU reports Lt. Engelhardt estimates that it could take its staff up to one week to prepare a single FIU file for production.  *Id*. at ¶ 8.

Allowing plaintiff's counsel to inspect the FIU digital files in their digital format as maintained in the iLeads system is not practical because it would require giving plaintiff's counsel access to the Police Department's secure network.  *Id*. at ¶ 9.   In addition, many of the audio and visual recordings held as part of files relating to incidents dating from 2011-2014 would have to be retrieved from the offsite Property Custody Unit.  *Id*.

Fed. R. C. P. 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering," among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit."   Here, given the significant time and Police Department staff resources required to produce the FIU files in their entirety, complete with redactions, the Defendant respectfully requests that this Court issue an order providing that the Defendant be permitted to produce only the written portions of the FIU files and also grant Defendant an additional 6-8 months to produce these files to plaintiff's counsel in order to permit

7

Defendant adequate time to redact the names of confidential informants, information pertaining to juveniles, and any *Garrity* statements.

>    IV.   **Defendant respectfully requests that this Court issue an order narrowing the scope of Police Department Police Investigative Reports to the Dec. 21, 2016 Order.**

There were a total of 1486 incidents involving the use of a weapon by an officer during the period September 1, 2011 through July 11, 2015.  Ex. D, Affidavit of Manuel-Crossman, ¶ 4.  Of those, 101 involved ASP batons, 186 involved handguns, 143 involved mace, 30 involved nightsticks, 3 involved shotguns, and 1023 involved tasers.  *Id*. at ¶ 4.   Police Department police reports document these incidents.   Research for a single police report for incidents involving use of weapons by officers can take 10 minutes on average to locate, review, and print the report.  Ex. D, at ¶ 5.  Of the 1486 police reports involving the use of weapons during the relevant time period, approximately 200 of these police reports would already be included within reports prepared by the FIU and Internal Affairs Division.  *Id*. at ¶ 4.   Therefore, those 200 reports would need not be reproduced with a separate production of police reports.  Barbara Manuel-Crossman, the custodian of the records of the St. Louis Metropolitan Police Department estimates that to locate, review and print the additional 1,286 police reports would take over 214 hours at 10 minutes per report (*Id*. at ¶ 5), or the equivalent of more than 5 weeks worth of work for an employee working a 40-hour work week.  She further estimates that to review and redact 1,286 police reports for confidential information for closed or confidential information, e.g., social security numbers, dates of birth, identity of confidential informants, would take 643 hours at 30 minutes per report (*Id*. at ¶ 6), or the equivalent of more than 16 weeks of work for a person working a 40-hour work week.

For that reason, the Defendant respectfully requests that the Court narrow the scope of police reports responsive to the Dec. 21, 2016 Order to either: 1) those incidents occurring only in the district at issue in this case, or 2) if City-wide, only those incidents involving firearms.

Wherefore, the City respectfully requests that this Court exempt from its Order dated Dec. 21 2016 (Doc. 35) the production of 1) any and all investigative documents related to the 2011 fatal shooting of Anthony Lamar Smith, 2) all documents related to use of force incidents currently pending review for criminal charges by the Circuit Attorney's Office, and 3) all *Garrity* statements of officers contained within responsive disciplinary files.  The City further respectfully requests that this Court permit the City to produce only the written portions of the FIU reports, with necessary redactions, in lieu of producing the entire FIU file, and also permit the City an additional 6-8 months to produce and redact these documents.  Finally, the Defendant respectfully requests that this Court issue an order narrowing the scope of Police Department police reports responsive to the Dec. 21, 2016 Order.

## GOOD FAITH CERTIFICATION

The undersigned counsel Erin McGowan conferred with opposing counsel, Jason Webster and Heidi Vicknair, in good faith, by telephone conversation the morning of January 11, 2017 and also spoke with Heidi Vicknair by telephone on January 23, 2017 regarding the matters in dispute in this Motion to Reconsider and/or Motion for Protective Order.  However, after sincere efforts to resolve the disputes, counsel were unable to reach an accord.

Respectfully submitted,

**MICHAEL A. GARVIN,
CITY COUNSELOR**

By: /s/ Erin K. McGowan
Thomas R. McDonnell #38336MO
Erin K. McGowan #64020MO
1200 Market Street, Room 314
City Hall
St. Louis, Mo  63103
(314) 622-3361
(314) 622-4956 fax
mcdonnellt@stlouis-mo.gov
McGowanE@stlouis-mo.gov
*Attorneys for Defendants Cohen and City of St. Louis*

**CERTIFICATE OF SERVICE**

I hereby certify this Motion was electronically filed on this 24th day of January 2017 with the Court for service by means of Notice of Electronic Filing upon these attorneys of record:

D. Todd Mathews
156 N. Main Street
Edwardsville IL 62025
todd@goriljulianlaw.com
Attorney for Plaintiffs

Jason C. Webster
Heidi Vicknair
6200 Savoy Drive, Suite 150
Houston, Texas 77036
filing@thewebsterlawfirm.com
Attorneys for plaintiffs

/s/ Erin K. McGowan